[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] MEMORANDUM OF DECISION RE: MOTION FOR CONTEMPT (#122)
The defendant, Karen Giansanti, moves that the plaintiff, Michael Giansanti, be held in contempt for failing to pay accrued mortgage payments as allegedly ordered by the court (Devine, J.) at the time of the marriage dissolution on July 31, 2002.
The court has reviewed the transcript of the dissolution hearing conducted on July 31, 2002. Based on that review and the full record in this case, the court rules as follows:
At the time of the entry of the judgment, the parties were aware of back mortgage and tax payments that were due and owing on the marital residence in the approximate amount of $4,000. The separation agreement contemplated three methods to liquidate and divide the equity in the house: (1) refinance; (2) home equity loan; and (3) sale. Under any of these options, the amount of back mortgage and tax payments was to be deducted from the plaintiff-husband's share.
At present, the house has not been sold or refinanced nor has a home equity loan been obtained. The back payments are being repaid through a $200 surcharge added to the current payment being paid by the defendant-wife. This surcharge arrangement was worked out between the plaintiff and the bank. This scenario was not addressed at the time of judgment. In fact, there is no indication in the record that the defendant, counsel or the court had any knowledge of this arrangement.
Since there was no court order directing the plaintiff to make periodic payments on the mortgage arrearage, there is no basis for a finding of contempt based on his non-payment of the $200 surcharge. The court notes, however, that the judgment did not authorize the plaintiff to place upon the defendant the obligation to pay down the arrearage through the surcharge method he unilaterally arranged with the lender. While there is an insufficient basis for a finding of contempt, there may well CT Page 16463 be other legal relief available to the defendant.
The motion for contempt is denied, without prejudice to the defendant's right to move to re-open the judgment to address this situation.
___________________ Devlin, J. CT Page 16464